IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JOSH EVANS, Individually and on**                              **PLAINTIFF**
**behalf of All Others Similarly Situated**

vs.                        No. 6:18-cv-06051-SOH

**WINDOWS USA, LLC**                                            **DEFENDANT**

### FIRST AMENDED AND SUBSTITUTED COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Josh Evans, individually and on behalf of all others similarly situated, by and through his attorneys Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his First Amended and Substituted Complaint—Class and Collective Action ("Complaint") against Defendant Windows USA, LLC, ("Defendant"), and in support thereof does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a class action and collective action brought by Plaintiff Josh Evans ("Plaintiff") on behalf of himself and on behalf of other Retail Service Managers and Retail Service employees employed by Defendant at any time within a three-year period preceding filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. ("AMWA") for declaratory judgment, monetary damages, liquidated damages,

Page 1 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
First Amended and Substituted Complaint—Class and Collective Action

prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and other Retail Service Managers and Retail Service employees overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

4. The purpose of this first amended and substituted complaint is to include Retail Service employees to the FLSA opt-in class definition, to add a category of damages and to correct the location of Defendant's store in Royal.

## II.     JURISDICTION AND VENUE

5. This action brought by Plaintiff on behalf of himself and all others similarly situated against Defendant for violations of the FLSA 29 U.S.C. § 201, et seq. and the AMWA, Ark. Code Ann. § 11-4-201, et seq.

6. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Hot Springs Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial

Page 2 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
**First Amended and Substituted Complaint—Class and Collective Action**

proceeding. This Court has pendent jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

### III. THE PARTIES

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff Josh Evans is a resident and citizen of Garland County. He was employed by Defendant as a Retail Service Manager within the three (3) years preceding the filing of the Original Complaint.

11. Plaintiff was employed by Defendant as a salaried employee at Defendant's store in Royal within the three (3) years preceding the filing of this Complaint.

12. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

13. Defendant Windows USA, LLC, is an Arkansas limited liability company having a registered agent for service of process of Michael A. Allbritton, 235 Sunshine Road, Royal, Arkansas 71968.

14. Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

15. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling,

Page 3 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
First Amended and Substituted Complaint—Class and Collective Action

or otherwise working on goods or materials that have been moved in or produced by any person.

16. Defendant has, and has had at all relevant times, annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## IV.  FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

18. Defendant is in the business of selling and marketing windows designed for customer residences throughout the United States.

19. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a Retail Service Manager as apart of the retail service team.

20. As a Retail Service Manager, Plaintiff's primary duties were to process sale paperwork and speak with customers. Other Retail Service Managers and Retail Service employees performed similar duties.

21. During his employment as a Retail Service Manager for Defendant, Plaintiff and all other Retail Service Managers and Retail Service employees were misclassified by Defendant as exempt from overtime wages and paid a salary plus a production bonus.

22. Plaintiff almost always worked in excess of forty (40) hours per week throughout his tenure with Defendant.

23. More specifically, Plaintiff generally worked around 45 hours per week for Defendant, and more during busy seasons. Other Retail Service Managers and Retail Service employees worked similar hours in excess of forty (40) per week.

Page 4 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
First Amended and Substituted Complaint—Class and Collective Action

24. Defendant did not pay Plaintiff or other Retail Service Managers and Retail Service employees any overtime compensation for their hours worked in excess of forty (40) per week.

25. Defendant failed to keep records of Plaintiff's hours worked or other Retail Service Managers' and Retail Service employees' hours worked.

26. Plaintiff never agreed that his salary plus production bonuses would be sufficient to cover all hours worked.

27. Upon commencement of work at Defendant, Plaintiff did not sign any contract of employment setting forth his hours or wages. His annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

28. Plaintiff and other Retail Service Managers and Retail Service employees were and are entitled to one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

29. In performing services for Defendant, Plaintiff was not required to utilize any professional education relevant to his job duties.

30. During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

31. Plaintiff did not select any employees for hire nor did he provide any training for any employee. Plaintiff had no ability to hire and fire any employee.

32. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

Page 5 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
First Amended and Substituted Complaint—Class and Collective Action

33. Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business. Similarly, Plaintiff did not have any responsibility for planning or controlling budgets.

34. Defendant knew, or showed reckless disregard for whether, the way they paid Plaintiff and other Retail Service Managers and Retail Service employees violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

### FLSA § 216(b) Collective

35. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

36. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

37. Plaintiff brings his claims for relief for violation of the FLSA as a class action and a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38. Plaintiff brings his FLSA claims on behalf of Retail Service Managers and Retail Service employees who were paid a salary plus a production bonus instead of an hourly wage by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A.   A lawful minimum wage for all hours worked; and

   B.   Liquidated damages and attorneys' fees and costs.

39. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

Page 6 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
First Amended and Substituted Complaint—Class and Collective Action

40. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. Defendant's uniform failure to compensate employees pursuant to the requirements of the FLSA; and

B. Defendant's failure to pay members of the class all overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

41. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 40 persons.

42. In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

43. Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

44. At all relevant times, Defendant directly hired members of the Collective Action Class, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions and kept at least some records regarding their employment.

Page 7 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
First Amended and Substituted Complaint—Class and Collective Action

45. At all relevant times, each member of the Collective Action Class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

46. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully incorporated herein.

47. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207 (LEXIS 2013).

48. Defendant intentionally misclassified Plaintiff as exempt from overtime compensation.

49. Defendant failed to pay Plaintiff a lawful minimum wage for all hours up to forty (4) per week and one and one-half (1.5) times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

50. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

51. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

Page 8 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
First Amended and Substituted Complaint—Class and Collective Action

52. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

54. Plaintiff bring this collective action on behalf of all Retail Service Managers and Retail Service employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative Class for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

55. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

56. In the past three years, Defendant have employed dozens of Retail Service Managers and Retail Service employees.

57. Defendant intentionally misclassified Plaintiff and other Retail Service Managers and Retail Service employees as exempt from overtime compensation.

58. Like Plaintiff, these Retail Service Managers and Retail Service employees regularly worked more than forty (40) hours in a week.

59. Defendant failed to pay Plaintiff and all those similarly situated a lawful minimum wage for all hours up to forty (40) per week and one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their

Page 9 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
First Amended and Substituted Complaint—Class and Collective Action

entitlement thereto. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as follows:

**All Retail Service Manager and similar Retail Service employees employed by Defendant within the past three years.**

60. Defendant's conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all Retail Service Managers and Retail Service employees employed by Defendant, and they seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all Retail Service Managers and Retail Service employees employed by Defendant as provided by the FLSA, Plaintiff and all Retail Service Managers and Retail Service employees are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

63. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

64. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

65. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA.

Page 10 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
First Amended and Substituted Complaint—Class and Collective Action

66. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

67. At all times relevant to this Complaint, Defendant intentionally misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

68. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful minimum wage and an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

69. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

71. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Josh Evans respectfully prays that Defendant be summoned to appear and to answer herein as follows:

Page 11 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
First Amended and Substituted Complaint—Class and Collective Action

A. That each Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D. A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

E. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F. Judgment for damages for all unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

G. Judgment for damages for all unpaid minimum wage and overtime compensation under the AMWA and the related regulations.

H. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

I. Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

Page 12 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
First Amended and Substituted Complaint—Class and Collective Action

J. An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

K. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF JOSH EVANS,
Individually and on behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Christopher Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 13 of 13
*Josh Evans, et al. v. Windows USA, LLC*
U.S.D.C. (W.D. Ark.) Case No. 6:18-cv-06051-SOH
First Amended and Substituted Complaint—Class and Collective Action